

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,701-02

### EX PARTE MICHAEL ANTONIO JOHNSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2002-159-C2B IN THE 54TH DISTRICT COURT FROM MCLENNAN COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of four counts of aggravated sexual assault and sentenced to ten years' imprisonment for counts one, three, and four and twenty years' imprisonment for count five. The Tenth Court of Appeals affirmed his conviction. *Johnson v. State*, No. 10-03-00134-CR (Tex. App.—Waco Nov. 10, 2004)(not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective by failing to investigate, failing to object to questions regarding a polygraph, failing to challenge opinion testimony regarding the credibility of the complainant, and failing to object to information obtained from a faulty, tainted, and

inadmissible interview with the complainant. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court shall also make findings as to whether the doctrine of laches should apply in this situation. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: June 22, 2022
Do not publish